1    HONORABLE THOMAS S. ZILLY

2

3

4

5

6

7    U.S. DISTRICT COURT

8    WESTERN DISTRICT OF WASHINGTON

9

10   RICHARD A. GEIER, individually and on
     behalf of all others similarly situated,        CLASS ACTION

11              Plaintiff,                            NO.  2:13-cv-00354-TSZ

12        v.                                          **FIRST AMENDED CLASS**
                                                      **ACTION COMPLAINT**
13   M-QUBE, INC.; MOBILE MESSENGER
     AMERICAS, INC., d/b/a MOBILE                     **JURY DEMAND**
14   MESSENGER; and JOHN DOES 1-20,

15              Defendants.

16

17

18        Plaintiff, by his undersigned attorneys, for his class action complaint against

19   Defendants, alleges as follows:

20                          **I.  INTRODUCTION**

21        1.1    Defendants have designed and implemented a uniformly unfair and deceptive

22   scheme utilizing the Internet and cell phone text messages that causes Washington consumers

23   to become unknowingly and unwittingly subscribed to premium text message services.

24        1.2    Defendants have engaged in this predatory scheme to enrich themselves at the

25   expense of Washington consumers by committing unfair and deceptive business practices in

26   violation of Washington statutes designed to protect consumers.

27

FIRST AMENDED CLASS ACTION COMPLAINT - 1
CASE NO. 2:13-cv-00354-TSZ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1.3     Named Plaintiff Richard A. Geier brings this action on behalf of himself and all similarly situated Washington residents for purposes of securing the remedies provided for in the Washington Consumer Protection Act, Chapter 19.86 RCW, including monetary relief that will compensate Class members for their injuries and injunctive relief that will prevent further injury to Washington consumers and enjoin Defendants' unfair and deceptive business practices.

## II.  JURISDICTION AND VENUE

2.1     <u>Jurisdiction</u>.  Defendants are within jurisdiction of this Court.  Defendants reside in Washington State, do business in Washington State, and have obtained the benefits of the laws of Washington.

2.2     <u>Venue</u>.  Venue is proper in King County because Defendants transact business in King County and thus reside there.

2.3     <u>Governing Law</u>.  The claims of Plaintiff and Class members asserted in this class action complaint are brought solely under state law causes of action and are governed exclusively by Washington law.  The claims of Plaintiff and Class members are individual claims and do not unite or enforce a single title or right to which Plaintiff and Class members have a common and undivided interest.

## III.  PARTIES

3.1     <u>Plaintiff Richard A. Geier</u>:  Plaintiff Geier is domiciled in the State of Washington and a resident of Cowlitz County.  Plaintiff Geier pays AT&T Mobility for cellular phone services that are provided to him, his wife, and his children.

3.2     <u>Defendant M-Qube, Inc.</u>:  M-Qube, Inc. is a Delaware corporation and has its principal place of business in Boston, Massachusetts.  Defendant M-Qube does business nationwide and in Washington as alleged specifically below.  Defendant M-Qube markets, distributes and assists in the marketing and distribution of subscription-based content for mobile telephones, including ringtones, trivia games and text alerts.  Defendant M-Qube also

FIRST AMENDED CLASS ACTION COMPLAINT - 2
CASE NO. 2:13-cv-00354-TSZ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

serves as a billing aggregator for mobile content promotions and assists other companies in building mobile campaigns.  Defendant M-Qube has at all times relevant to this complaint directly engaged in the acts or practices described below, has directed and controlled others in committing the acts or practices described below, and has established, directed and/or ratified the unlawful business practices alleged in this complaint.  Defendant M-Qube is owned by Defendant Mobile Messenger.

3.3     Defendant Mobile Messenger Americas, Inc., d/b/a Mobile Messenger:  Mobile Messenger Americas, Inc. d/b/a Mobile Messenger is a Delaware corporation and has its principal place of business in Los Angeles, California.  Defendant Mobile Messenger does business nationwide and in Washington as alleged specifically below.  Defendant Mobile Messenger markets and distributes subscription-based content for mobile telephones, including ringtones, trivia games and text alerts.  Defendant Mobile Messenger also serves as a billing aggregator for mobile content promotions and assists other companies in building mobile campaigns.  Defendant Mobile Messenger offers these companies a variety of services, including creative, consulting, content management, messaging connection, payment processing and analytical services.  Defendant Mobile Messenger touts that it "enable[s]" the companies "to monetize and distribute content to mobile channels across 60 carrier networks globally."  Defendant Mobile Messenger has at all times relevant to this complaint directly engaged in the acts or practices described below, has directed and controlled others in committing the acts or practices described below, and has established, directed and/or ratified the unlawful business practices alleged in this complaint.  Defendant Mobile Messenger owns Defendant M-Qube.

3.4     Unnamed Defendants, Does 1 through 20:  Unnamed Defendants, Does 1 through 20, are additional persons, corporations, partnerships, companies or other entities who have acted or are continuing to act in concert with, in partnership with, or as agents of named Defendants, who have participated in the acts and transactions alleged in this Complaint and

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   who have responsibility for said acts and transactions.  The true names, identities, and

2   capacities of Does 1 through 20 are presently unknown to Plaintiff, but are the subject of

3   discovery anticipated in this action.

4   ### IV.  CLASS ACTION ALLEGATIONS

5       4.1    <u>Class Definition</u>: Pursuant to Washington Civil Rule 23, Plaintiff brings this

6   case as a class action on behalf of a Class defined as follows:

7   > All residents of Washington who were charged unauthorized fees
8   > at any time from October 17, 2008 to the present in connection
    > with text message subscription programs for which Defendants
9   > provided billing aggregator services.

10      4.2    Excluded from the Class are Defendants, any entity in which Defendants have a

11  controlling interest or which has a controlling interest in Defendants, and Defendants' legal

12  representatives, assignees, and successors.  Also excluded are the judge to whom this case is

13  assigned and any member of the judge's immediate family.

14      4.3    <u>Numerosity</u>.  On information and belief, there are thousands of Washington

15  consumers who have become victims of Defendants' predatory schemes by unknowingly and

16  unwittingly being charged for unauthorized premium text message services by the Defendants.

17  The members of the Class are so numerous that joinder of all members is impracticable.

18  Moreover, the disposition of the claims of the Class in a single action will provide substantial

19  benefits to all parties and the Court.

20      4.4    <u>Commonality</u>.  There are numerous questions of law and fact common to

21  Plaintiff and Class members.  These questions include, but are not limited to, the following:

22          a.    Whether Defendants engaged in unfair and deceptive business practices

23  for the purpose of obtaining consumer cell phone numbers;

24          b.    Whether Defendants engaged in unfair and deceptive business practices

25  while enrolling or assisting in the enrollment of consumers in paid text message subscription

26  services;

27

FIRST AMENDED CLASS ACTION COMPLAINT - 4
CASE NO. 2:13-cv-00354-TSZ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1          c.        Whether Defendants engaged in unfair and deceptive business practices

2   while billing consumers for text message subscription services;

3          d.        Whether Defendants collected fees from consumers for unauthorized text

4   message subscription services;

5          e.        Whether Defendants failed to clearly and conspicuously disclose

6   material information to consumers regarding text message subscription services, including but

7   not limited to the nature of the alleged services, the costs associated with those services, and the

8   manner in which Defendants billed consumer cell phone accounts for those services;

9          f.        Whether Defendants' unfair and deceptive business practices occurred in

10  the course of Defendants' trade or commerce;

11         g.        Whether Defendants' unfair and deceptive business practices impacted

12  the public interest;

13         h.        Whether Plaintiff and Class members were injured in their business or

14  property;

15         i.        Whether Defendants' unfair and deceptive acts or practices proximately

16  caused the injuries sustained by Plaintiff and Class members;

17         j.        Whether Defendants have assumed and exercised the right of ownership

18  over the fees taken from Plaintiff and Class members, in hostility to the rights of Plaintiff and

19  Class members, in an unauthorized manner and without legal justification;

20         k.        Whether Defendants received a benefit in the form of fees from Plaintiff

21  and Class members because of Defendants' policies and practices, under circumstances that

22  make it unjust for Defendants to retain the fees;

23         l.        The nature and extent of class-wide injury and the measure of

24  compensation for such injury; and

25

26

27

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

m.      Whether preliminary or final injunctive relief is appropriate as to the Class so as to protect Washington consumers from the ongoing illicit business activities of Defendants.

4.5      Typicality.  The claims of the representative Plaintiff are typical of the claims of the Class.  Plaintiff's claims, like the claims of the Class, arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

4.6      Adequacy.  Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys who are experienced trial lawyers with significant experience in complex and class action litigation, including consumer law.  Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.  Neither Plaintiff nor his counsel have interests that are contrary to or that conflict with those of the proposed Class.

4.7      Predominance.  Defendants engaged in a common course of unfair or deceptive acts or practices targeted at Plaintiff and members of the Class.  The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues.  Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

4.8      Superiority.  Plaintiff and Class members have suffered and will continue to suffer harm and damages as a result of Defendants' unlawful and wrongful conduct.  Absent a class action Class members likely would find the cost of litigating their claims prohibitive. Most Class members are unaware that Defendants' conduct is illegal and that they have been financially victimized.  Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities.  Litigation of the claims should occur in this Court as all claims are brought under Washington law.  There will be no significant difficulty in the management of this case as a class action.

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

4.9     <u>Appropriateness of Injunctive and Declaratory Relief</u>.  Defendants have acted on grounds generally applicable to the Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Class as a whole.  Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants.

## V.  SUMMARY OF FACTUAL ALLEGATIONS

### Overview of Defendants' Unfair and Deceptive Scheme

5.1     Defendants work with and enable other companies known as content providers to transmit text messages and enroll consumers in text message subscription services. Defendants provide customer support for text message subscription services and handle complaints, billings, and cancellations of text message subscription services.

5.2     In order to market mobile services to consumers, mobile content providers must first obtain access to the mobile communications networks of wireless service providers. Defendants partner with mobile content providers and provide this access through existing relationships with wireless service providers.  Defendants are typically referred to as "billing aggregators."

5.3     Defendants operate a mobile transaction network that allows companies to develop, deliver, and bill for mobile content services to the mobile devices of consumers in Washington and throughout the nation. On information and belief, Defendants also operate as mobile content providers and develop, deliver and bill for mobile content services.

5.4     Defendants enable content providers to use text message services to market content and collect revenues.

5.5     Each time a consumer is charged in connection with the services offered by a content provider through Defendants' mobile transaction network, Defendants cause that charge to be directed to the consumer's wireless telephone bill.  The wireless service provider

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   collects the charge from the consumer, retains a portion of the proceeds, and remits the balance
2   to Defendants.

3       5.6     Defendants keep a substantial percentage of every mobile content transaction
4   charge that is collected.  Defendants then pay the remaining portion directly to the mobile
5   content provider or, in some instances, to themselves or another billing aggregator that then
6   retains a share and pays the content provider.

**Defendants Obtain Consumer Cell Phone Numbers through Unfair
and Deceptive Means and Then Charge Consumers Fees**

9       5.7     Defendants are engaged in a common scheme in which they enroll consumers in
10  premium short message services ("PSMS"), also known as text message services.

11      5.8     In furtherance of Defendants' scheme, Defendants rely on the fact that
12  consumers commonly conduct quick Internet searches for information such as local weather
13  conditions or forecasts, movie times, driving directions, language translations, gaming tips,
14  dictionary entries, song lyrics and other information that is typically available free of charge on
15  the Internet.

16      5.9     When a consumer enters a query on an Internet search engine and the query is
17  related to a particular topic selected by Defendants or one of the content providers with which
18  Defendants have partnered for their scams, the consumer will be presented with a list of search
19  results that includes links to deceptive websites.

20      5.10    Consumers are also directed to webpages owned and operated by or associated
21  with Defendants or one of the content providers with which Defendants have partnered based
22  on inadvertent mistakes made when entering or typing the names or addresses of legitimate
23  companies and websites.

24      5.11    Consumers may also be directed to webpages owned and operated by or
25  associated with Defendants or one of content providers with which Defendants have partnered
26  via phishing or spam emails.

27

FIRST AMENDED CLASS ACTION COMPLAINT - 8
CASE NO. 2:13-CV-00354-TSZ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

5.12    A consumer who clicks on one of the links or lands on one of the websites is taken to a webpage that is owned and operated by or associated with Defendants or one of content providers with which Defendants have partnered and that goes to great lengths to deceive consumers.

5.13    When consumers reach one of the webpages owned and operated by or associated with Defendants or one of content providers with which Defendants have partnered, the consumers are instructed or asked to provide their cell phone numbers in order, by way of example, to gain access to the information for which they are searching or in order to win prizes.

5.14    Defendants and the content providers with which Defendants have partnered fail to clearly and conspicuously disclose that when the cell phone number is entered, the consumer will be automatically enrolled in a paid subscription program and that charges will automatically be added to the consumer's cell phone bill.

5.15    Instead, Defendants and the content providers with which Defendants have partnered employ schemes to purposefully deceive consumers, including but not limited to omitting material information and failing to adequately explain or describe the enrollment, charging or billing process.

5.16    Upon information and belief, in addition to deceiving consumers to enter their cellular telephone numbers into deceptive websites, Defendants and the content providers with which Defendants have partnered also obtain cellular telephone numbers through other means such as telephone directories or random sequential number generators.

5.17    Further, Defendants and the content providers with which Defendants have partnered send deceptive text messages to consumers that ask the consumers to respond to the text message.  Defendants and the content providers with which Defendants have partnered fail to accurately and adequately disclose that by responding to these text messages, consumers are

Terrell Marshall Daudt & Willie PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   going to be automatically enrolled in a paid subscription program and that charges will

2   automatically be added to the consumer's cell phone bill.

3        5.18    Defendants have deceptively enrolled thousands of Washington consumers in

4   paid text message subscription services.  As a result of Defendants' unfair and deceptive acts

5   and practices, these Washington consumers have been billed hundreds of thousands of dollars.

6        5.19    Defendants and the content providers with which Defendants have partnered

7   own and operate or are associated with hundreds of websites that employ the unfair and

8   deceptive practices described above.  Defendants have attempted to hide themselves and the

9   nature of their scheme from regulators, wireless service providers, and consumers.

10        5.20    Upon information and belief, multiple companies, including Defendants and

11   others, are often associated with a single website, thus rendering it difficult for consumers to

12   determine who is responsible for unauthorized charges.

13        5.21    As a result of Defendants' unfair and deceptive acts and practices, Plaintiff

14   Geier was enrolled in paid subscription text services without his knowledge or authorization.

15   Defendants failed to ensure that Plaintiff Geier authorized enrollment in these paid subscription

16   text services.

17        5.22    In January 2012, Plaintiff Geier received three third-party charges on his cell

18   phone bill, each in the amount of $9.99 plus tax.  The following information was stated in

19   regard to a charge made through Defendants' mobile transaction network:

20

| SUBSCRIPTION NAME | SHORT CODE | TYPE | CONTENT PROVIDER | ID |
|---|---|---|---|---|
| Ringtone/Auction | 26235 | MT | WebDirect  For assistance contact: http:/www.M-Qube.com | 19234 |

25        5.23    Plaintiff Geier received the same third-party charges on his cell phone bill in

26   both February and March 2012.

27

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

5.24    The charges were made in relation to the cell phone number assigned to Plaintiff's wife, Margaret Wells.  Ms. Wells did not authorize any of the charges.

5.25    The unauthorized third-party charges billed to Mr. Geier in January, February, and March 2012 totaled $96.75.

5.26    But for Defendants' unfair and deceptive acts and practices, Plaintiff Geier would not have been billed for and would not have paid these charges.

**Defendants Violate Guidelines Designed to Protect Consumers from Unfair and Deceptive Acts and Practices**

5.27    Telephone companies that offer wireless telecommunications services — including but not limited to AT&T, Verizon Wireless, Sprint, and T-Mobile — allow third-party vendors (that is, content providers) to charge consumers for premium messaging subscription services and to pay for such services through their monthly phone bills.

5.28    The only information mobile content providers need to charge a consumer for its products is the consumer's cell phone number.  Signatures or highly private sixteen digit credit card numbers are unnecessary.  Billing aggregators such as Defendants M-Qube and Mobile Messenger have contractual relationships with wireless service providers that allow them to bill a consumer through the consumer's cell phone bill.  Mobile content providers and billing aggregators partner to charge consumers for services and products.

5.29    Once a mobile content provider has a consumer's cell phone number, the billing aggregator can cause that consumer to be billed for services and products irrespective of whether the consumer actually authorized the purchase.  The charge will then appear on the consumer's cell phone bill, often with only minimal, cryptic identifying information.

5.30    Because the protections normally present in consumer transactions—such as signature and private credit card numbers—are absent from this process, the likelihood of unauthorized charges is enormous.  Moreover, this likelihood is increased by another order of magnitude due to the fact that a substantial part of these mobile content "sales" are effectuated

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1  through websites that completely lack or have only misleading or inadequately explained

2  "consent" procedures.

3     5.31    PSMS is delivered to the consumer's cell phone through text messages

4  conveyed by specially-assigned five or six-digit numbers, known as "short codes."  Short codes

5  are phone numbers that companies utilize to send and receive PSMS messages.  Any company

6  can use a short code, but it must be first obtained and approved by a network provider.

7  Companies seeking short codes fill out applications and submit the short-code-based proposal

8  for review and testing by the network provider.

9     5.32    When a consumer enters his phone number into a website owned, operated or

10  associated with Defendants, the providers include the monthly charge for the PSMS service on

11  the customer's wireless bill.  Upon information and belief, however, the consumer does not

12  need to enter his cell phone number into a website in order to be enrolled in and charged for

13  PSMS services.  Defendants obtain the cell phone numbers by other unknown means and then

14  enroll consumers in PSMS services without their knowledge or consent.  AT&T, Verizon,

15  Sprint, and other wireless service providers require Defendants and other content providers to

16  comply with the industry guidelines for marketing practices developed by the Mobile

17  Marketing Association ("MMA Best Practices") to bill consumers for PSMS.  These guidelines

18  are designed to protect wireless customers from misleading and deceptive PSMS marketing

19  practices.

20     5.33    Websites utilized in PSMS marketing campaigns are supposed to have a

21  "landing page" that provides prospective customers information about the services being

22  marketed.

23     5.34    MMA Best Practices provide detailed specifications concerning the form of

24  landing pages, including: (1) required disclosures concerning the price of the service, the terms

25  and conditions of the service, the short code affiliated with the service, and how to cancel the

26  service; (2) font size, location, and colors for price disclosures; and (3) requirements about

27

FIRST AMENDED CLASS ACTION COMPLAINT - 12
CASE NO. 2:13-cv-00354-TSZ

what disclosures must be "above the fold," meaning on the computer screen the customer first sees.

5.35    Wireless service providers require Defendants and other content providers to comply with MMA Best Practices when selling products and providing services on their respective networks.

5.36    Defendants own and operate or are associated with numerous websites that fail to comply with MMA Best Practices.

5.37    Defendants also own and operate or are associated with other websites that are designed to make it appear to wireless service providers as though Defendants are in compliance with MMA Best Practices.

5.38    AT&T and other wireless service providers have started to offer refunds to consumers who were charged fees for Defendants' services on a claims-made basis without providing notice to consumers.

## VI.  FIRST CLAIM FOR RELIEF
### (Violation of Washington's Consumer Protection Act)

6.1    Plaintiff and the Class re-allege and incorporate the facts set forth herein as if set forth in their entirety.

6.2    Defendants' business practices constitute unfair acts or practices committed in trade or commerce directed at Plaintiff and members of the Class.

6.3    Defendants' business practices constitute deceptive acts or practices committed in trade or commerce directed at Plaintiff and members of the Class.

6.4    Defendants have violated Washington's unsolicited goods statute, RCW 19.56.020, by charging fees to Plaintiff and Class members for unsolicited goods or services that Plaintiff and Class members did not affirmatively order or request orally or in writing. This conduct affects the public interest per se and also constitutes a per se violation of the Consumer Protection Act.  RCW 19.56.030.

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

6.5     Defendants have aided and abetted each other's unfair and deceptive business practices by knowingly providing substantial assistance to each other, and this conduct also constitutes unfair and deceptive business acts or practices.

6.6     Defendants' unfair and deceptive conduct impacts the public interest because it violates RCW 19.56.020 and has injured, or has had the capacity to injure, other persons.

6.7     Defendants' unfair and deceptive conduct has proximately caused injury or harm to Plaintiff and members of the Class in their business or property.  But for Defendants' unfair and deceptive acts or practices, Plaintiff Geier and members of the Class would not have been billed for and would not have paid the charges related to Defendants' scheme.

## VII.  SECOND CLAIM FOR RELIEF
### (Conversion)

7.1     Plaintiff and the Class re-allege and incorporate the facts set forth herein as if set forth in their entirety.

7.2     Defendants have wrongfully collected fees from Plaintiff and Class members and have taken specific and readily identifiable funds from Plaintiff and Class members in payment of those fees.

7.3     Defendants have assumed and exercised the right of ownership over the funds taken, in hostility to the rights of Plaintiff and the members of the Class, in an unauthorized manner and without legal justification.

7.4     Defendants continue to retain these funds unlawfully without the consent of Plaintiff or Class members.

7.5     Defendants intend to permanently deprive Plaintiff and Class members of these funds.

7.6     These funds are properly owned by Plaintiff and Class members, not Defendants, which now claim that they are entitled to ownership of the funds, contrary to the rights of Plaintiff and Class members.

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

7.7     Plaintiff and Class members are entitled to the immediate possession of these funds.

7.8     Defendants have wrongfully converted these specific and readily identifiable funds in violation of law.

7.9     Defendants' wrongful conduct is continuing.

## VIII.  THIRD CLAIM FOR RELIEF
### (Unjust Enrichment)

8.1     Plaintiff and the Class re-allege and incorporate the facts set forth herein as if set forth in their entirety.

8.2     Defendants received a benefit in the form of fees from Plaintiff and Class members because of Defendants' policies and practices.

8.3     Defendants received the benefit at the expense of Plaintiff and Class members.

8.4     The circumstances make it unjust for Defendants to retain the benefit.

## IX.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own behalf and on behalf of the members of the Class, prays for judgment against Defendants as follows:

A.     Certification of the proposed plaintiff Class;

B.     A final order and/or judgment against Defendants, jointly and severally, that Class members are entitled to an amount equal to all payments received;

C.     An award of exemplary damages, jointly and severally, in the amount of three times the value of each payment made by a Class member;

D.     Preliminary and final injunctive relief that forestalls continuing injury to Class members and protects the Washington public by enjoining Defendants from activities that violate 19.86 RCW;

E.     Preliminary and final injunctive relief that requires Defendants to notify Class members of the availability of refunds from wireless service providers;

FIRST AMENDED CLASS ACTION COMPLAINT - 15
CASE NO. 2:13-cv-00354-TSZ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1      F.      An award of prejudgment interest;

2      G.      An award of costs of litigation;

3      H.      An award of attorney fees pursuant to RCW 19.86; and

4      I.      Such other and further relief as the Court deems just or equitable.

5                     **X.  DEMAND FOR JURY TRIAL**

6      Plaintiff demands a jury for all issues so triable.

7      RESPECTFULLY SUBMITTED AND DATED this 6th day of May, 2013.

8                   TERRELL MARSHALL DAUDT & WILLIE PLLC

9

10                By:  /s/ Toby J. Marshall, WSBA #32726

11                   Toby J. Marshall, WSBA #32726
                  Email:  tmarshall@tmdwlaw.com

12                   Jennifer Rust Murray, WSBA #36983
                  Email:  jmurray@tmdwlaw.com

13                   Beau C. Haynes, WSBA #44240
                  Email:  bhaynes@tmdwlaw.com

14                   936 North 34th Street, Suite 400
                  Seattle, Washington  98103

15                   Telephone:  (206) 816-6603
                  Facsimile:  (206) 350-3528

16

17                   Darrell W. Scott, WSBA #20241
                  Email:  darrellscott@mac.com

18                   Matthew J. Zuchetto, WSBA #33404
                  Email:  matthewzuchetto@mac.com

19                   THE SCOTT LAW GROUP, P.S.
                  Chronicle Building, Suite 680

20                   926 West Sprague Avenue

21                   Spokane, Washington  99201
                  Telephone:  (509) 455-3966

22                   Facsimile: (509) 455-3906

23                   *Attorneys for Plaintiff*

24

25

26

27

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1

## CERTIFICATE OF SERVICE

2

3

        I, Toby J. Marshall, hereby certify that on May 6, 2013, I electronically filed the

4

foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

5

such filing to the following:

6

                Stephen M. Rummage, WSBA #11168
                E-mail: steverummage@dwt.com

7

                James C. Grant, WSBA #14358
                Email: jamesgrant@dwt.com

8

                DAVIS WRIGHT TREMAINE LLP
                1201 Third Avenue, Suite 2200

9

                Seattle, Washington  98101-3045
                Telephone:  (206) 622-3150

10

                Facsimile:  (206) 757-7700

11

                *Attorneys for Defendants*

12

        DATED this 6th day of May, 2013.

13

                                TERRELL MARSHALL DAUDT & WILLIE PLLC

14

15

                                By: /s/ Toby J. Marshall, WSBA #32726
                                    Toby J. Marshall, WSBA #32726

16

                                    Email:  tmarshall@tmdwlaw.com
                                    936 North 34th Street, Suite 400

17

                                    Seattle, Washington  98103-8869
                                    Telephone:  (206) 816-6603

18

                                    Facsimile:  (206) 350-3528

19

                                *Attorneys for Plaintiff*

20

21

22

23

24

25

26

27

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com